732

## RIESTER v. KENDALL.

### Patent Appeal No. 5223.

Court of Customs and Patent Appeals.
Feb. 10, 1947.

Richard K. Stevens, of Washington, D. C. (E. P. Gilheany, of New York City, and E. H. Mosher, of Washington, D. C., of counsel), for appellant.

Lynn B. Morris, of Washingon, D. C. (C. H. Biesterfeld, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Interference Examiners of the United States Patent Office awarding priority of invention of the subject matter defined by the counts in issue (Nos. 1 to 4, inclusive) to appellee Kendall.

The interference is between appellant's application, Serial No. 237,474, filed October 28, 1938, which has an alleged "German convention date" of November 8, 1937; and appellee's application, Serial No. 174,693, filed November 13, 1937, which has an alleged "British convention date" of November 14, 1936.

The interference when instituted involved the application, Serial No. 316,002, filed by a third party, Brooker, who conceded priority to appellee. Thereupon the proceeding was terminated as to that particular party.

No testimony was taken by either party. In lieu thereof, each party filed a certified copy of his foreign application and relies upon that application for constructive reduction to practice.

 Appellant is the junior party and the burden was upon him to establish priority of invention by a preponderance of the evidence.

The counts call for a process of producing dyestuffs and the product obtained therefrom. The products are alleged to be useful "for the optical sensitizing of photographic silver halide emulsions." Counts 1 and 3 are illustrative—

"1. A process for the production of dyestuffs comprising treating with an alkyl salt a compound of the general formula

$$\begin{array}{c} X \\ \diagdown \\ N \diagup \\ | \\ R \end{array} C = CH - C \overset{R_1}{\underset{}{|}} = C - S \\ O = C \diagdown_{N} \diagup \overset{}{C}-SR_3 \\ anion \; R_2$$

where X is the remainder of a heterocyclic system of the type used in cyanine dyes, R is alkyl, $R_1$ is alkyl, and $R_2$ is a member of the group consisting of alkyl, aryl, and aralkyl."

"3. A product of the general formula

$$\begin{array}{c} X \\ \diagdown \\ N \diagup \end{array} C = CH - C \overset{R_1}{\underset{}{|}} = C - S \\ O = C \diagdown_{N} \diagup C = S \\ | \\ R_2$$

where X is the remainder of a heterocyclic system of the type used in cyanine dyes, R, $R_1$ and $R_3$ are alkyl, and $R_2$ is a member of the group consisting of alkyl, aryl, and aralkyl."

The sole question for determination is whether appellee's British application discloses the process and the dyestuffs defined by the counts in issue.

The answer to that question depends upon whether the subject matter of the counts is sufficiently disclosed in appellee's British application in view of the concededly initial error in that application in the recital of the structural formulæ for the dyes obtained as a result of carrying out the process therein defined.

In its decision the board made the following statement:

"In many chemical processes, formulæ and equations cannot be given at all with certainty due to the complexity of the reaction or incomplete knowledge thereof.

"This fact, however, does not preclude a proper disclosure of a chemical reaction and product. By the same token, an initial error in attempting to explain a reaction should not vitiate a disclosure which does in fact fully teach how to secure and recognize a certain product."

In awarding priority of invention to appellee, the board held that appellee's failure to give the correct structural formulae for the products disclosed by his British application was not controlling since products corresponding to the structural formulae of the counts are formed as a matter of fact in carrying out the steps of the process disclosed by the three working examples of the British application, irrespective of the structural formulae given therein.

The board also held that appellee's British application disclosed not only the complete process for preparing the dyestuffs but also the dyestuffs themselves and the means for identifying them that are called for by the counts, although "the counts designate this dyestuff and process in a language that was not fully understood by Kendall at the time he filed his provisional specification."

The board stated that that portion of the disclosure in the Kendall British provisional application which gave the formulae and equations was "* * * a gratuitous contribution that was not absolutely essential to a teaching of the invention. The further fact that it was couched in terms of uncertainty was reasonable notice to those skilled in the art that subsequent knowledge might necessitate altering the graphic or scientific explanation he offered. The fact that his explanation did in fact prove to be in error should not reflect upon or detract from the essential portion of his disclosure proper."

Appellant states that if the court should hold that appellee's British application discloses the process and the dyestuffs defined by the involved counts, the decision of the board should be affirmed since admittedly the British application has a date earlier than appellant's record date.

There is no dispute here that appellee's United States application discloses the invention defined by the counts.

Appellant contends, however, that the invention disclosed by appellee's British application is not the invention defined by the counts. More specifically appellant contends that the counts call for the treatment of definite products *"having definite configurations"* and that appellee's British application "does *not* disclose the vital elements of the counts, namely, *the claimed configuration."*

The essential reaction steps of the process defined by the three examples given in appellee's British application are the same as corresponding examples given in his United States application. The structural formulae, however, given for the identification of the respective products of the reaction in appellee's British application differ from those recited in appellee's United States application.

On that point the board stated—

"* * * Specifically, the difference lies in the alleged results of the reaction of 1-methylbenzthiazole ethiodide and N-methyl-rhodanic acid. According to the provisional application the bond between the nuclei of the molecules is formed

through the 1-methyl group in the form of a methenyl grouping. In the United States application, on the other hand, the acetic anhydride present is indicated as entering into the reaction, thereby forming compounds corresponding to the *intermediate* of counts 1 and 2 as well as the final product of counts 3 and 4." (Italics supplied)

Appellant contends that the foregoing statement is an erroneous statement of fact in that the counts call for the treatment of a compound that is entirely different from that disclosed by appellee's British application. More specifically appellant alleges that the board took notice of the discrepancy in appellee's British application "only in so far as the discrepancy involves a lack of disclosure of the precise linkage of the counts connecting the benzthiazole (first or left hand ring) and the N-methylrhodanic acid (second or right hand ring), portions of the compound," whereas, it is argued, *"not only* is the correct linkage between the two rings or nuclei *not* disclosed in the British provisional specification *but also* the structure of the second mentioned ring or nucleus *per se* is that of an entirely different compound in that in the British provisional specification it is not shown to contain an *oxygen* atom connected to the nuclear carbon atom that is adjacent to the point of attachment to the ring, * * * *as specifically called for by each of the counts."* (Italics quoted)

Appellant urges that, although it may be true that the three working examples disclosed in appellee's British application correspond substantially to examples in his United States application, nevertheless, there are approximately 15 pages of working procedure set forth in his United States application which have no counterpart whatsoever in his British application.

Appellant's United States application also, as stated in the board's decision, contains additional examples which do not disclose the subject matter of the counts. The fact that some of the examples enumerated in appellee's United States application may not disclose the subject matter of the counts is not material in the instant case.

The board held that the counts are adequately supported by the essential reaction steps given in certain examples in appellee's United States application which are substantially the same as the three working examples given in his British application.

According to the decision of the board any person skilled in the art having before him appellee's British application would be enabled without the exercise of the inventive faculties to make or compound the dyestuffs described in that application. We are unable to hold that the views thus expressed by the board are manifestly wrong.

The instant case falls within the rule that a sufficient disclosure of patentable subject matter in a British provisional specification will not be held to be insufficient for constructive reduction to practice by reason of a mistake in that specification which is obvious to any person skilled in the art. Travis v. Baker et al., 137 F.2d 109, 30 C.C.P.A., Patents, 1271. See also Patterson et al. v. Clements et al., 136 F.2d 1002, 30 C.C.P.A., Patents, 1262.

The board in rendering its decision made a number of holdings on subordinate questions to each of which holdings appellant takes vigorous and argumentative exception. The court has given careful consideration to all of the arguments presented by appellant, but is of the opinion that the decision of the board on the highly technical matter here involved is correct.

For the reasons stated, the decision of the Board of Interference Examiners is affirmed.

Affirmed.