58 CCPA

**Application of Arthur H. AHLBRECHT.**

**Patent Appeal No. 8417.**

United States Court of Customs and Patent Appeals.

Jan. 7, 1971.

Rehearing Denied April 8, 1971.

Harold J. Kinney, Cruzan Alexander, Walter N. Kirn, Jr., St. Paul, Minn., attorneys of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Fred W. Sherling, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and NEWMAN, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals, adhered to on reconsideration, refusing to accord claim 7 in appellant's application [1] the benefit of an earlier filing date under 35 U.S.C. § 120 and sustaining the rejection of that claim under 35 U.S.C. § 102 as anticipated by the intervening patents to Langerak et al.[2] and Fasick et al.[3] Claims 2–6 in the application stand allowed. We affirm.

*The Invention*

The esters of the claim in issue may be represented by the formula:

$$R_f-(CH_2)_m-O-CO-C(R)=CH_2$$

wherein R is a member of the group consisting of hydrogen and the methyl radical, $R_f$ is a perfluoroalkyl radical having from 3–12 carbon atoms, and m is an

1. Serial No. 520,087 filed January 12, 1966, for "Fluorinated Esters."

2. Patent No. 3,248,260 issued April 26, 1966, on an application filed August 22, 1961, which in turn was a continuation-in-part of an application filed May 2, 1960.

3. Patent No. 3,282,905 issued November 1, 1966, on an application filed February 9, 1965, which in turn was a continuation-in-part of an application filed May 3, 1961.

integer from 2–12. Among several available methods, these acrylates may be prepared from ω-perfluoroalkyl-substituted alkanols of the formula,

$$R_f(CH_2)_mOH$$

in which $R_f$ is the perfluoroalkyl group, by reacting the alkanol with acrylic or methacrylic acid of the formula,

$$R$$

$$CH_2 =\!C\!-\!COOH$$

in which R is a methyl radical in the case of methacrylic acid or hydrogen in the case of acrylic acid.

Claim 7, the only one on appeal, broadly claims the esters produced by this process. It reads:

> 7. A perfluoroalkyl-alkyl acrylate of acrylic or methacrylate acid and an ω-perfluoroalkyl-substituted alkanol having not more than 12 methylene groups per molecule and in which the perfluoroalkyl radical has from 3 to 12 carbon atoms.

It is stated that the resulting unsaturated acrylates are useful as monomers to produce polymers by homopolymerization or by copolymerization with other vinyl monomers, and because of the perfluoroalkyl terminal group repeated along the polymer chain, when fibers of fabrics or textiles are coated with these polymers, oil and water resistance is imparted to the fibers. It is also stated that the polymers of the esters of this invention are useful in sheet form for such things as gaskets and cap liners, and show good resistance to oils.

## Background

The examiner rejected claim 7 under 35 U.S.C. § 102 as fully met by either Langerak et al. or Fasick et al., and appellant does not question the rejection of claim 7 over the references if the present application is not accorded the benefit of the filing date of application serial No. 677,229, filed August 9, 1957. Therefore, a detailed analysis of the references is not necessary.

The present application is derived from two chains of previously filed copending applications, both of which start with serial No. 677,229. Appellant contends that he is entitled to rely under 35 U.S.C. § 120 on this parent application for an effective filing date of August 9, 1957, which date is sufficient to remove the references of record. The examiner took the position that serial No. 677,229 is inadequate to overcome the cited references because the invention described therein does not include esters having two methylene groups (i. e., where m in the formula is 2), but rather the description is confined to esters wherein m is 3–12.

At this point, we note that a similar issue was recently presented in In re Brower, Cust. & Pat.App., 433 F.2d 813, decided November 25, 1970. There we pointed out that 35 U.S.C. § 120 specifies only that the previously filed application must disclose the invention "in the manner provided by the first paragraph of section 112," and made it clear that there is no requirement under section 120 that the invention claimed in the subsequent application must correspond to what was regarded as the invention in the earlier application. While this narrows the issue here, it is not determinative because the parties disagree as to whether the disclosure in the earlier application is sufficient under the *first paragraph* of 35 U.S.C. § 112 to support the invention claimed in claim 7. In order to determine whether or not there is support in the parent application, the disclosure of the original specification must be considered.

## The Parent Application

The tenor of the disclosure in the parent application, as it relates to the issue on appeal, is indicated by the following statement taken from the initial paragraphs of the specification:

> This invention relates to fluorinated esters and more particularly to unsaturated aliphatic acid esters of ω-perfluoroalkyl-substituted alkanols.

The new polymerizable monomeric esters of unsaturated aliphatic acids included within the scope of the invention can be represented by the general formula:

$$R_f-(CH_2)_m-O-CO-\underset{\underset{CH_2}{\overset{|}{C}}}{\overset{\overset{R}{|}}{}}=CH_2$$

wherein R is hydrogen or a methyl radical, $R_f$ is a perfluoroalkyl group having from 3 to 12 carbon atoms and *m is an integer from 3 to 12.* Also included within the scope of the invention are the polymers and copolymers of the above-described monomers. [Emphasis added.]

The remainder of the disclosure is similarly directed to "esters of terminally perfluorinated alcohols in which a chain or bridge containing *at least three methylene groups* is interposed between the perfluoroalkyl 'tail' and the hydroxyl group * * *." [Emphasis added.]

Three methods are disclosed for preparing the perfluoroalkyl alkanol intermediate materials. Two of these methods cannot be used to prepare intermediate alkanols wherein m is 2, and thus the resulting esters cannot have two methylene groups. In regard to the third method, it is disclosed in the original specification that:

Other analogous addition reactions of perfluoroalkanesulfonyl halides to unsaturated esters and acids, as described in the copending application of G. V. D. Tiers, S.N. 532,743, filed September 6, 1955, followed by reductive dehydrohalogenation, also lead to the intermediate perfluoroalkyl alkanols of the present invention, either by further saponification of the resulting esters or by reduction of the corresponding distally perfluoroalkylated aliphatic acids or esters thereof using, for example, lithium aluminum hydride.

The illustrations of this method in the parent disclosure show the production of alkanols wherein m is 4 and 10. However, as appellant points out in his brief, Tiers does disclose a starting material, vinyl acetate, which when reacted with a perfluoroalkanesulfonyl chloride and reductively dehydrohalogenated and saponified, results in the substituted alcohol $R_f(CH_2)_2OH$, which can be used to produce esters wherein m is 2.

## The Present Application

There is no dispute that the present specification supports the claim now on appeal as required by 35 U.S.C. § 112. Appellant has altered the language of the specification to explicitly point out that esters having two methylenes are contemplated. For example, it is stated that:

* * * The acrylate-type esters of the invention are prepared by esterifying the saturated alcohols with acrylic acid or methacrylic acid. These esters have the general formula:

$$R_f-(CH_2)_m\,OCOC(R'')=CH_2$$

wherein $R_f$ and m are as previously defined herein (i. e. $R_f$ is a perfluoroalkyl group having from 3 to 12 carbon atoms and *m is 2–12, m being ordinarily 3–12*) and $R\omega$ is hydrogen or methyl. [Emphasis added.]

While claim 7 is expressed in terms of an ester produced from "an ω-perfluoroalkyl-substituted alkanol having not more than 12 methylene groups per molecule," the examiner has agreed with appellant that the symbol *omega* implies that the alkanol has at least two methylene groups per molecule. Thus, the claim is directed to esters wherein m is 2–12, as disclosed in the present specification.

## Opinion

The sole issue in the present appeal is whether the disclosure in the parent application complies with the first paragraph of 35 U.S.C. § 112 for purposes of obtaining the benefit of the filing date of the parent application under 35 U.S.C. § 120 so as to provide a basis for ante-

dating the unquestionably anticipatory disclosures of Langerak et al. and Fasick et al. From our review of the complete disclosure of appellant's parent application, as outlined above, and a consideration of the cases cited and arguments advanced, we agree with the Patent Office that the disclosure in the parent application is not sufficient to support claim 7.

Paragraph 1 of § 112 provides that "The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same * * *." This means that there must be both a written description in full, clear, concise, and exact terms, and that it enable any person skilled in the art to make and use the invention. While appellant's parent application may by reference to the copending application of Tiers contain enough to enable a person skilled in the art to make esters wherein m is 2, there is no explicit disclosure that m may be 2 or that certain starting materials from the Tiers disclosure may be used, which starting materials would ultimately lead to esters with two methylenes. That is, there is no description in full, clear, concise, and exact terms of esters wherein m is 2. The only esters described in such terms are those wherein m is 3–12.

Appellant relies heavily on the statements in the parent application that the invention relates particularly to esters of ω-perfluoroalkyl-substituted alkanols, and that the omega indicates that esters with two methylenes are included. We agree with the board that the reference to ω-perfluoroalkyl-substituted acrylate esters indicates only the specific field of art involved, and not that this is a class of esters all of which are disclosed. The omega merely indicates the position most removed from the functional group, and thus m may be anything over 2. However, appellant describes only the class of esters wherein m is 3–12. There is nothing in the original specification to indicate that any other esters (i. e., those where m is 2 or greater than 12) may be made by the methods disclosed or that they may be used as the disclosed esters. Therefore, it must be concluded that the only class of esters described in full, clear, concise, and exact terms is that wherein m is 3–12, and that the reference to ω-perfluoroalkyl-substituted acrylate esters is only a statement introducing the specific area of art involved.

This is unlike the situation in *Brower*, supra, where there was an explicit description of the subsequently claimed process, but there were statements to the effect that the part of the disclosure in question was not regarded as the invention. In the present case, there are no negative statements that esters with two methylenes are not within what is regarded as the invention, but rather here esters wherein m is 2 were never described in explicit terms at all.

Appellant's reliance on this court's decision in In re Risse, 378 F.2d 948, 54 CCPA 1495 (1967) is misplaced. In *Risse*, where the parent supported its claims, a sufficient disclosure for purposes of obtaining the benefit of the filing date of the parent application was found where

* * * the subgeneric claims of the continuation-in-part applications (1) are completely within the scope of the parent case generic disclosure and (2) read on at least one species disclosed in a working example of the parent application.

As we have previously stated, the one method for which reference was made to the Tiers application may very well be sufficient to teach one skilled in the art how to make the claimed esters. Certainly the claims, inasmuch as esters wherein m is 3–12 are also covered, read upon a species disclosed in a working example of the parent application. However, the first part of the *Risse* require-

ment has not been met. The esters of claim 7 on appeal are not completely within the scope of the parent case generic disclosure. Appellant's argument that ω-perfluoroalkyl-substituted acrylate esters is the described genus and that those wherein m is 2–12 is the subgenus is untenable. As we have previously noted, the esters wherein m is 3–12 comprise the only genus described in full, clear, concise, and exact terms as required by the statute. Some esters wherein m is 2–12 clearly fall outside the class of esters described in the parent application.

Therefore, we affirm the decision of the board.

Affirmed.