PAPERLESS ACCOUNTING, INC.,
Plaintiff-Appellant,

v.

BAY AREA RAPID TRANSIT
SYSTEM, Defendant-Appellee.

Appeal Nos. 86–597, 86–756.

United States Court of Appeals,
Federal Circuit.

Oct. 28, 1986.

**660**

300 ("the '300 patent") invalid in terms of 35 U.S.C. § 102(b), and granting the motion of Bay Area Rapid Transit System ("BART") for summary judgment of dismissal of Paperless' Action for patent infringement. *Paperless Accounting, Inc. v. Bay Area Rapid Transit System*, No. C–83–5833 JPV, slip op. (N.D.Cal. Sept. 13, 1985), *aff'd on reconsideration* (Dec. 3, 1985).

The summary judgment is reversed and the case is remanded for further proceedings.

*Background*

The '300 patent was issued to John W. Halpern on September 28, 1971, and is assigned to Paperless. The specification and claims describe an automatic passenger fare charging system. On entry to a transit system, the claimed machine electronically reads data stored on a ticket, and generates a signal on the ticket relating to the entrance's location. Upon exit the machine electronically compares the exit and entry locations, calculates the fare, and compares the result with the price paid for the ticket. The machine tells the ticket holder what is due, and credits any overpayment. The specification describes the details of the construction and operation of the system, and the claims are directed to the machine. The detailed scope of the claims is not here pertinent.

The summary judgment turns on certain facts of patent prosecution before the Patent and Trademark Office ("Office").

The first or "parent" United States patent application, Serial No. 659,196 ("the '196 parent"), was filed on April 16, 1957 by inventor Halpern, then of Stockholm, Sweden, *pro se*, with claims directed to the machine, the feeding mechanism, and the ticket. Halpern illustrated his system in part with drawings that included block diagrams, of which Figure 5 as filed is representative:

William D. Hall, Hall, Myers & Rose, Potomac, Md., argued for appellant. With him on brief was Maurice U. Cahn. Also on brief was Jack L. Slobodin, Cartwright, Sucherman & Slobodin, San Francisco, Cal., of counsel.

Clyde C. Greco, Jr., Wiles, Circuit & Tremblay, La Jolla, Cal., argued for appellee. Jon B. Miller, Wiles, Circuit & Tremblay, of La Jolla, Cal., was on brief. Also on brief was Roger W. Erickson, Owen, Wickersham & Erickson, San Francisco, Cal.

Before MARKEY, Chief Judge, BALDWIN and NEWMAN, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Paperless Accounting, Inc. ("Paperless") appeals the judgment of the United States District Court for the Northern District of California, holding U.S. Patent No. 3,609,-

FIG. 5

In the first Office action on the merits, dated April 2, 1958, all of the claims were rejected by the examiner as based on an incomplete and insufficient disclosure. The examiner advised the applicant as to how this rejection might be overcome, instructing the applicant to describe the circuits of the components that were shown only by block diagrams, and suggesting that reference could be made to "existing publications and patents which show known circuits." The examiner cautioned the applicant to avoid the addition of new matter. The examiner also made several formal requirements relating to the filing of ribboned and sealed application papers and to the form of the drawings, and made other rejections not here pertinent.

In his response filed September 24, 1958 Mr. Halpern submitted extensive amendments to the specification in which he referred to three electronics publications, submitted new Figures 1–21, and replaced the original claims with new claims 22–38.

In the second Office action, dated September 4, 1959, the examiner stated that the amendment to the specification included "a large amount of new matter" and required cancellation of specific parts of the amendment. The examiner treated the new figures as proposed sketches, accepted new Figures 1–13 as correcting the original figures, and stated that new Figures 14–21 appeared to contain new matter and would not be admissible. The examiner rejected new claims 22–38 as being based on an insufficient disclosure, and stated: "Applicant is again advised that in order to supply the needed disclosure to cure the defects set out in the last Office action, he must convincingly demonstrate that the elements are well known and obtainable on the open market or that there is a full disclosure thereof in patents or other publications". The examiner advised Mr. Halpern that "final determination in respect to the disclosure will be made in the next action."

In response, filed March 7, 1960, Mr. Halpern presented extensive argument that there was support for certain parts of the previous amendment in the original specification, and provided additional material, that he described as "explanatory", for insertion into the specification. Mr. Halpern canceled other parts of the previous amendment which he described as disclosing "other new aspects or further development of the proposed invention." Mr. Halpern cited a publication that he stated showed "all essential parts" of the circuit in Figure 27 (numbered Figure 14 in Halpern's first amendment).

In the third Office action, dated August 25, 1961, the examiner did not repeat the rejection for inadequate or insufficient disclosure. Only claim 36 was rejected as "drawn to new matter [without] basis for the claim in the original disclosure." The examiner stated that the application claimed three distinct inventions and required the applicant to elect which claims he wished to pursue in this application. The examiner stated that Mr. Halpern's amendment of March 4 [sic], 1960 had not been entered pending this election, and that if the claims directed to the machine were elected they would be subject to rejection on the ground of being an old combination as shown by Lorenz in U.S. Patent 2,591,-448, a newly cited reference.

In response filed February 20, 1962 Mr. Halpern elected the claims to the ticket, claims 37 and 38, and rewrote these claims as new claims 39 and 40. Mr. Halpern

**662**

canceled claim 36, and argued the patentability of claims 22–35 in view of the Lorenz reference.

In the fourth Office action dated May 14, 1962, the examiner held that claims 22–35 stood "withdrawn from further consideration ... as being for nonelected inventions", and that "the discussion [in the] amendment concerning claims 22–35 is not being considered." The examiner rejected elected claims 39 and 40 as unpatentable in view of Knutsen's U.S. Patent 2,508,953, and as indefinite for failing to state positively that there are recesses containing recording tracks in the ticket.

In his next response, filed July 30, 1962, Mr. Halpern was represented by counsel, who amended claims 39 and 40 to the ticket and presented arguments as to the patentability of this subject matter. These two claims were "finally rejected" in the fifth Office action, August 27, 1962, as being unpatentable in view of the Knutsen reference. In an amendment filed Sept. 14, 1962 Halpern's counsel reargued the ticket claims, and stated: "Claims 22–35 are retained pending filing of a divisional application."

A notice of appeal was filed, and on February 27, 1963 a continuation-in-part application, Serial No. 261,529 ("the '529 c-i-p"), was filed containing the non-elected claims 22–35 directed to the machine. Claim 36, which had been rejected as drawn to new matter and canceled in the '196 parent, was not included in the '529 c-i-p.

The appeal of the final rejection of claims 39 and 40 in the '196 parent was not pursued, and that application became abandoned when the appeal was dismissed for failure to file a brief.

The specification of the '529 c-i-p included substantially all the material in the amendments filed September 30, 1958 and March 14, 1960 in the '196 parent. After further prosecution including refiling, the '529 c-i-p led to the '300 patent here at issue.

More than one year before the filing date of the '529 c-i-p, the following foreign patents issued to Mr. Halpern: French Patent No. 1,199,266 on December 11, 1959; British Patent No. 857,658 on January 4, 1961; and Canadian Patent No. 613,866 on February 7, 1961. The parties agree that these foreign patents correspond substantially to the specification and drawings of the '196 parent as filed in the U.S. on April 16, 1957.

These facts are not in dispute, although their legal significance is. Thus the basis on which the district court decided the question was amenable to summary determination. Fed.R.Civ.P. 56.

*Analysis*

*A.*

The district court granted BART's motion for summary judgment of patent invalidity based on Halpern's intervening foreign patent publications, apparently holding these foreign patents to bar the '300 patent in terms of 35 U.S.C. § 102(b)[1]. This holding was based on the court's conclusion that the claims of the '300 patent are not entitled to the filing date of the United States '196 parent application.

The district court held that Halpern admitted that the '196 parent application's disclosure was insufficient because he filed the '529 c-i-p application and abandoned the '196 parent without appeal. The district court, according to its opinion, based its decision solely on this conclusion of acquiescence, the court stating that "Halpern ... failed to prosecute his appeal after the Patent and Trademark Office examiner's final rejection of his claims. Instead, he filed a Continuation-In-Part application containing additional disclosures.... [H]e has thus acquiesced to the examiner's decision and is thereby bound." Slip op. at 2–3 (Dec. 3, 1985) (citing *Litton Systems, Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1440, 221 USPQ 97, 107 (Fed.Cir.1984)).

1. A person shall be entitled to a patent unless—
   (b) the invention was patented or described in a printed publication in ... a foreign country ... more than one year prior to the date of the application for patent in the United States....

The court's conclusion was based on an erroneous understanding of the prosecution history. There was no rejection for insufficient disclosure at the time the '529 c-i-p was filed and the '196 parent was abandoned. That rejection had been withdrawn, as a matter of standard procedure. The applicable rule is stated in the Manual of Patent Examining Procedure (MPEP), an operating manual that "describe[s] procedures on which the public can rely." *Patlex Corp. v. Mossinghoff,* 758 F.2d 594, 606, 225 USPQ 243, 252, *modified,* 771 F.2d 480, 226 USPQ 985 (Fed.Cir.1985); *In re Kaghan,* 387 F.2d 398, 401, 156 USPQ 130, 132 (CCPA 1967). The rule for the pertinent period was as follows:

> 707.07(e) *Note all Outstanding Requirements*
>
> In taking up an amended case for action the examiner should note in every letter all the requirements outstanding against the case. Every point in the prior action of an examiner which is still applicable must be repeated or referred to, to prevent the implied waiver of the *requirement.* [emphasis in original]

The examiner's rejection of the '196 parent for insufficient disclosure was not "repeated or referred to" in the third or subsequent Office actions. The MPEP is not permissive in this requirement. It is notable that only claim 36 was rejected in the third Office action as based on new matter. The '196 disclosure as it then stood, in accordance with MPEP § 707.07(e), was no longer rejected as insufficient.

The district court referred to Halpern's "fail[ure] to prosecute his appeal after the examiner's final rejection of his claims." Had Halpern prosecuted the appeal of the final rejection of claims 39 and 40, as he was entitled to do but did not, the issue of sufficiency of disclosure could not have been raised in such appeal. It was not at issue, because that ground of rejection had not been continued by the examiner. As stated in *Ex parte Martin,* 104 USPQ 124, 128 (Supr.Exmr.1952):

> When an examiner fails to mention a rejection in his final action, it has been dropped by the examiner and needs no further response by the applicant. On appeal, only those grounds of rejection which have been made in the final rejection and commented upon in the examiner's answer to brief are considered by the Board. All rejections previously made and not continued in the final rejection are considered as withdrawn. It is not necessary for the examiner to make any specific statement to that effect.

Since the question of sufficiency of disclosure was not a basis for the final rejection, it could not have been appealed. Failure to pursue the appeal of the rejection of claims 39 and 40 on other grounds is of no significance to this issue.

There was no outstanding rejection on insufficient disclosure in which the applicant could have acquiesced, either when he declined to pursue the appeal of claims 39 and 40 in the '196 parent, or when he filed the '529 c-i-p. In *Litton,* by contrast, the parent patent application had been finally rejected for insufficient disclosure and the rejection was not appealed. In the case before us no claims were ever finally rejected for insufficient disclosure, and no rejection was appealable on this ground.

The district court stated that "[t]he subsequent filing of the Continuation-In-Part application exhibited both acquiescence in and compliance with the examiner's position on the inadequacy of the patent application's disclosure." Slip op. at 3 (Dec. 3, 1985). The filing of a continuation-in-part, in and of itself, is not an admission of the correctness of a rejection. Law and policy liberally authorize the filing of c-i-p applications for a number of reasons, whether to enlarge the disclosure to include new technological information, thereby providing the public with knowledge of recent developments or improvements; or to enable more extensive prosecution or improved draftsmanship of specification or claims; or to provide a vehicle for prosecution of non-elected claims.

In those cases where a continuation-in-part application contains claims which depend upon an enlarged disclosure for

support, that must of course be considered when it is required to establish dates of compliance with 35 U.S.C. § 112. But the mere filing of a continuation-in-part with additional matter or revised claims is not of itself an admission that the matter is "new" or that the original application was legally insufficient to support the claims. *See State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1233 n.*, 224 USPQ 418, 422 n. 1 (Fed.Cir.1985) and cases cited therein; *see also Foseco International Ltd. v. Fireline, Inc.*, 607 F.Supp. 1537, 1563, 226 USPQ 33, 35 (N.D.Ohio 1984).

BART also advised the district court that Paperless was not entitled to any date earlier than February 27, 1963 for any of the claims in the '300 patent because Halpern had "abandoned" the claims to the machine in the '196 parent application. This was an incorrect statement of law. Halpern's election to proceed first with his claims to the ticket, reserving the right to proceed with the other claims in a separate application, is a routine step in patent prosecution. *See* 35 U.S.C. § 121; MPEP §§ 802.01, 803.

■ Since there was no final rejection on insufficiency of disclosure from which to appeal, no abandonment of claims, and no outstanding rejection in which Halpern could have acquiesced, the district court erred in holding that Halpern admitted as a matter of law that his disclosure was insufficient. The grant of summary judgment on this basis was legal error, and is reversed.

### B.

Paperless asks us to hold that the claims of the '300 patent are entitled to the filing date of the '196 parent application, thus predating the intervening foreign references. The issue of support for claims in the specification as required by § 112 is a question of law, *Atlas Powder Co. v. E.I. du Pont de Nemours & Co.*, 750 F.2d 1569, 1573, 224 USPQ 409, 411 (Fed.Cir.1984); *Lindemann Maschinenfabrik GMBH v. American Hoist & Derrick Co.*, 730 F.2d 1452, 1463, 221 USPQ 481, 489 (Fed.Cir. 1984), but it is dependent on underlying

factual and legal findings which have not here been made. The district court did not analyze Halpern's '196 disclosure, as filed or as amended, with respect to the claims of the '300 patent, basing its summary judgment solely on the conclusion of acquiescence. Although the parties argued this issue on appeal, it is inappropriate for our decision *ab initio*. As we remand to the district court, we restate the issue, in view of the conflicting views of the parties not only as to the answer, but as to the question.

Whether the intervening foreign patent references are 35 U.S.C. § 102(b) bars against any or all of the claims of the '300 patent depends on the content and dates of the foreign references and the priority dates to which each of the '300 patent claims is entitled. *See In re Ahlbrecht*, 435 F.2d 908, 911–12, 168 USPQ 293, 296 (CCPA 1971); *see also Litton*, 728 F.2d at 1438, 221 USPQ at 106. If a claim of the '300 patent is adequately supported by the disclosure in the '196 parent, the intervening references are of no effect.

■ A patent applicant need not include in the specification that which is already known to and available to the public. *In re Howarth*, 654 F.2d 103, 105, 210 USPQ 689, 691–92 (CCPA 1981); *In re Lange*, 644 F.2d 856, 863, 209 USPQ 288, 294 (CCPA 1981). Thus, in examining the '196 parent, the examiner had invited Halpern to refer to published circuits and commercially available items that performed the function of Halpern's boxes. Such added subject matter, to the extent that is not "new matter", does not deprive the applicant of the original filing date. *See Litton*, 728 F.2d at 1438, 221 USPQ at 106; *In re Wright*, 343 F.2d 761, 767, 145 USPQ 182, 188 (CCPA 1965).

If there are claims in the '300 patent which are not entitled to the '196 filing date because they depend for patentability on "new matter" appearing for the first time in the '529 c-i-p, as to those claims Halpern must meet the requirements of

patentability as if his foreign patents were any adverse reference.

Because the foreign patents correspond substantially to the disclosure of the '196 parent, as both parties averred (we observe that they are not identical in all respects), it is pertinent to consider this fact if the '196 parent is held insufficient as to any claim of the '300 patent. As this court held in *In re Donohue*, 766 F.2d 531, 226 USPQ 619 (Fed.Cir.1985), a § 102(b) reference "must sufficiently describe the claimed invention to have placed the public in possession of it." *Id.* at 533, 226 USPQ at 621 (citing *In re Sasse*, 629 F.2d 675, 681, 207 USPQ 107, 111 (CCPA 1980); and *In re Samour*, 571 F.2d 559, 562, 197 USPQ 1, 4 (CCPA 1978)). The court observed in *Donohue* that "even if the claimed invention is disclosed in a printed publication, that disclosure will not suffice as prior art if it was not enabling." *Id.* (citing *In re Borst*, 345 F.2d 851, 855, 145 USPQ 554, 557 (CCPA 1965), *cert. denied*, 382 U.S. 973, 86 S.Ct. 537, 15 L.Ed.2d 465, 148 USPQ 771 (1966) ("the disclosure must be such as will give possession of the invention to the person of ordinary skill")). *See also Reading & Bates Construction Co. v. Baker Energy Resources Corp.*, 748 F.2d 645, 651–52, 223 USPQ 1168, 1173 (Fed.Cir.1984); *Preemption Devices, Inc. v. Minnesota Mining & Manufacturing Co.*, 732 F.2d 903, 906, 221 USPQ 841, 843 (Fed.Cir.1984). The basis for this rule is found in the description requirement of § 102(b). *Donohue*, 766 F.2d at 533 n. 7, 226 USPQ at 621 n. 7 (citation omitted). If the disclosure of the '196 parent application is insufficient to place the claimed invention in the possession of the public, then its British, French, and Canadian counterparts are also insufficient to do so.

Thus, if any claim of the '300 patent is determined to be limited to the filing date of the '529 c-i-p on the basis that the disclosure of the '196 parent is insufficient to support such claim, a corresponding foreign publication that is substantially the same is also insufficient to anticipate such claim under § 102(b). The correct role of the foreign publication in such case is as a reference under § 103. *Reading & Bates*, 748 F.2d at 652, 223 USPQ at 1173. Such analysis has not been made, and is not before us on appeal.

REVERSED AND REMANDED.