14 F.3d 612
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 WALDEMAR LINK, GmbH & CO., Plaintiff-Petitioner,
v.
OSTEONICS CORPORATION, Defendant-Respondent.
 Misc. No. 383.
 United States Court of Appeals, Federal Circuit.
 Oct. 18, 1993.
 
 Before NEWMAN, ARCHER, and MAYER, Circuit Judges.
 ORDER
 ARCHER, Circuit Judge.
 
 
 1
 Waldemar Link, GmbH & Co. petitions for permission to appeal the orders certified by the United States District Court for the District of New Jersey as orders involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. Sec. 1292(b), (c)(1). Osteonics Corporation does not oppose the petition.[1]
 
 
 2
 Link sued Osteonics for infringement of Link's patent relating to a femoral hip-joint prothesis including a removable support collar. The effective filing date of the application relating to the removable support collar claims was in dispute. Link argued that the claims were entitled to a priority date of Link's parent application (filed on March 7, 1983) and, pursuant to 35 U.S.C. Sec. 119, Link's corresponding German application (filed on May 3, 1982). Osteonics argued that the claims were entitled only to the November 6, 1985 filing date of Link's continuation-in-part (CIP) application. The filing date is critical because, if Link is entitled only to the 1985 CIP date, the claims of Link's patent will likely be deemed invalid on the ground that the European application will constitute prior art.
 
 
 3
 The district court determined that Link was entitled to the filing date of its 1985 CIP application. The district court concluded that Link was "estopped" from claiming the benefit of the 1983 filing date because the examiner rejected some of Link's claims for insufficient disclosure, albeit not labelled a 35 U.S.C. Sec. 112 rejection, and Link failed to appeal that rejection to the Board of Patent Appeals and Interferences.
 
 
 4
 On July 9, 1993, the district court denied Link's motion for partial revision of the court's determination concerning the priority date. The district court, sua sponte, certified its orders for interlocutory appeal, stating that the controlling question of law is "[w]hether, as a matter of law, a patent claim can be rejected on grounds of insufficient disclosure where the patent examiner fails to set forth a specifically denominated rejection of the claim under 35 U.S.C. Sec. 112."
 
 
 5
 Osteonics argues that although the parent application was not expressly rejected because of insufficient disclosure, pursuant to Litton Systems, Inc. v. Whirlpool Corp., 728 F.2d 1423 (Fed.Cir.1984), Link is estopped from claiming the filing date of the parent application. Link argues, pursuant to Paperless Accounting, Inc. v. Bay Area Rapid Transit Sys., 804 F.2d 659 (Fed.Cir.1986), that it did not concede that the parent application's disclosure was insufficient by filing a continuation-in-part application and not appealing the rejection of the parent application because the rejection was not based on insufficient disclosure.
 
 
 6
 Concerning whether immediate appeal will materially advance the termination of this action, Link argues that, if the district court's conclusions concerning the latter priority date of its patent are correct, Link faces the likely prospect that the detachable collar claims will be deemed invalid. Osteonics argues that, if the district court's conclusions regarding the priority date are incorrect, "the trial will [additionally] include a question of fact as to whether the originally-filed disclosure in the parent application supports the claims in the patent-in-suit." The district court also noted that its judicial resources would be wasted by a trial concerning the best mode issue if its priority date determination was incorrect.
 
 
 7
 This court must make its own determination whether it will accept an interlocutory appeal pursuant to Sec. 1292(b), (c)(1). See In re Convertible Rowing Exerciser Patent Litigation, 903 F.2d 822 (Fed.Cir.1990). Such a ruling is within this court's complete discretion.
 
 
 8
 We conclude that the order meets the criteria of Sec. 1292(b), (c)(1) and that permissive appeal is warranted. The issue of the proper priority date, and the underlying issue of estoppel, are intertwined with several issues that may or may not need to be presented at trial. Further, both parties and the district court request that we accept this appeal.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 Link's petition for permission to appeal is granted.
 
 
 11
 MAYER, Circuit Judge, would deny the petition.
 
 
 
 [1]
 Osteonics states that it only opposes Link's petition "to the extent of requesting that the controlling question of law first be clarified for purposes of Link's appeal." This court is not concerned with the precise phrasing of the question presented. Instead, the court will review the orders in their entirety. See Moeller v. Ionetics, Inc., 794 F.2d 653, 656 (Fed.Cir.1986) (upon granting permission to appeal, this court "has jurisdiction to consider the controlling question of law and all other questions material to the trial court's order"); United States v. Connolly, 716 F.2d 882, 884-85 (Fed.Cir.1983) ("our action on [a permissive] appeal is not circumscribed by the terms of the trial court's certification")