Dr. Chacko P. ZACHARIAH, Plaintiff,

v.

COMMISSIONER OF PATENTS & TRADEMARKS; James O. Thomas, Jr., DAC for Patents; Charles Pearson, Head PCT Legal & Office Administrator of Legal Affairs; Richard S. Lazarus, Supervisor–PCT Legal; and United States Attorney General, Defendants.

No. 95–6040–CIV.

United States District Court,
S.D. Florida.

Oct. 25, 1996.

Chacko P. Zachariah, Fort Lauderdale, FL, pro se.

Laurie E. Rucoba, U.S. Attorney's Office, Fort Lauderdale, FL, for U.S.

**ORDER**

GONZALEZ, District Judge.

This Cause has come before the Court upon Defendants' Motion to Dismiss Amended Complaint, filed March 18, 1996. The motion has been fully briefed and is ripe for disposition.

When considering a motion to dismiss, the Court must first accept all of the Plaintiff's allegations as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Thomas v. Burlington Industries, Inc.*, 769 F.Supp. 368, 370 (S.D.Fla.1991).

The Court may not consider matters beyond the four corners of the Complaint. *Milburn v. United States,* 734 F.2d 762 (11th Cir. 1984); *Thomas,* 769 F.Supp. at 370. The Court should not grant a motion to dismiss unless the Plaintiff can prove no set of facts in support of his claim entitling him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Plaintiff has filed a four-count complaint, seeking declaratory judgment, writ of mandamus, writ of prohibition, and injunctive relief. After reviewing the allegations in this case, the Court concludes that the Complaint alleges sufficient facts for Counts I and II (for declaratory judgment and for writ of mandamus) to survive the present motion.

The Court finds that Plaintiff's third and fourth counts, for writ of prohibition and injunctive relief, are not ripe for review, and therefore shall be dismissed.

Under the Administrative Procedure Act (APA), only agency action made reviewable by statute, and final agency action for which there is no other adequate remedy in court, are subject to judicial review. Preliminary and intermediate agency actions are reviewable only on review of the final agency action. 5 U.S.C. § 704; *Federal Trade Commission v. Standard Oil Co.,* 449 U.S. 232, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980).

■ In Count III, Plaintiff seeks a writ of prohibition to prevent Defendants from selectively prosecuting his application. However, the PTO has not yet issued a final agency action imposing either a "unity of invention" or a "restriction" standard to Plaintiff's patent application. In order to seek judicial review of the PTO's preliminary findings, Plaintiff must first request reconsideration by the examiner. 37 C.F.R. § 1.143. If Plaintiff is still dissatisfied, he must then petition the Commissioner for review. 37 C.F.R. § 1.144. The Court may entertain Plaintiff's Writ of Prohibition only after Plaintiff has exhausted both of these remedies.

■ In Count IV, Plaintiff seeks to enjoin Defendants from "tampering with the original filing status" of his patent application. Complaint at 25. To date, the PTO has not issued a final decision on whether the additional material submitted on April 16, 1992, is "new matter." The PTO has determined only that Plaintiff's April 16, 1992 papers contain material in addition to that contained in the international application. A determination that material is "additional" is not the same as a determination that the material is "new matter" for purposes of determining filing dates. *Paperless Accounting, Inc. v. Bay Area Rapid Transit System,* 804 F.2d 659, 664 (Fed.Cir.1986).

■ Simple utilization of one of the options given to Plaintiff by the Commissioner in the November 8, 1994 Notice and the April 5, 1995 Decision does not estop him from arguing that the additional material is not new matter. "The portion of Plaintiff's April 16, 1992 papers that was included in the international application would receive the filing date of the international application, as would any of the additional material which was supported by, or inherent in, the international application." Motion to Dismiss at 14, 15. The only portion of the additional material which would receive a filing date of April 16, 1992 is that which is not supported by the international application. *Id.*

To date, the PTO has not issued a final determination as to whether or not the April 16, 1992 material was inherent in the original papers. Plaintiff would be confronted with a potential estoppel situation only if the PTO made such a final determination, and if Plaintiff then accepted that determination and conceded its correctness. "Estoppel only arises when a clear, unambiguous rejection gives rise to a choice of appealing or accepting the rejection, and the applicant accepts the rejection and expressly or impliedly concedes its correctness." *Waldemar Link, GmbH & Co. v. Osteonics Corp.,* 32 F.3d 556, 560 (Fed.Cir.1994). Because the PTO has not issued a 'clear, unambiguous' ruling that the additional material in Plaintiff's April 16, 1992 papers is "new matter", Plaintiff has not yet had an opportunity to accept or reject the

PTO's ruling. Therefore, prosecution history estoppel will not arise.

Plaintiff argues that in light of the Court's holding in *Mark I Marketing Corp. v. R.R. Donnelley & Sons, Co.*, 66 F.3d 285, 36 U.S.P.Q.2d 1095, filing a Continuation–in–Part, as recommended by the Commissioner, would result in an interpretation that he had conceded that the additional material filed on April 16, 1992 was new matter. The Court in *Mark I* states that "[t]he standard for determining whether particular subject matter was relinquished is an objective one that depends on what a competitor reasonably would conclude from the patent's prosecution history." *Id.* at 291.

In reference to the prosecution history, the *Mark I* Court states that "[t]he prosecution history must be examined as a whole in determining whether estoppel applies." *Id.*, citing to *Wang Lab., Inc. v. Toshiba Corp.*, 993 F.2d 858, 867, 26 U.S.P.Q.2d 1767, 1775 (Fed.Cir.1993). If the PTO makes a final determination that the material in the April 16, 1992 papers is not inherent in the international application, Plaintiff would then have the choice of appealing or accepting that determination. *Waldemar Link*, 32 F.3d at 560. If, upon the PTO's final determination, Plaintiff chooses to appeal that determination, such appeal would be part of the "prosecution history as a whole." Plaintiff's objections would be noted in a consideration of whether he had ever conceded that the April 16, 1992 material was new matter. At this point, the PTO has not issued a final decision that the additional material is "new matter" to a national stage or domestic application. Plaintiff's request for relief enjoining Defendants from "tampering with the original filing status" of his application is therefore not ripe for review.

Having reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED** and **ADJUDGED** that the Defendant's Motion to Dismiss Amended Complaint, filed March 18, 1996, is **DENIED** as to Counts I and II of Plaintiff's Amended Complaint. Defendant's Motion is **GRANTED** as to Counts III and IV of Plaintiff's Amended Complaint. Counts III and IV shall be and the same are **DISMISSED.**