**JEWISH HOSPITAL OF ST. LOUIS, Plaintiff,**

v.

**IDEXX LABORATORIES, Defendant.**

**Civil No. 95–290–P–H.**

United States District Court, D. Maine.

Dec. 18, 1996.

---

David P. Silk, James Costello, Curtis, Thaxter, Stevens, Broder & Micoleau, Chris A. Caseiro, Portland, ME, G. Harley Blosser, William E. Lahey, Robert M. Evans, Jr., Rudolph A. Telscher, Jr., Paul A. Maddock, J. Bennett Clark, Senniger, Powers, Leavitt & Roedel, St. Louis, MO, Lois Kwasigroch, Lyon & Lyon L.L.P., Los Angeles, CA, for Plaintiff.

Peter J. Rubin, Robert H. Stier, Berstein, Shur, Sawyer & Nelson, Portland, ME, Mary S. Consalvi, Douglas E. Olson, Jessica R. Wolff, Lyon & Lyon, La Jolla, CA, for Defendant.

### ORDER

HORNBY, Chief Judge.

One of the issues on the cross-motions for summary judgment is whether Jewish Hospital's patent is entitled to a December 1, 1983, effective date or a December 30, 1985, effective date. The answer to this question is significant because it determines whether certain other publications and inventions in the interim are to be considered in deciding whether the Jewish Hospital patent meets the standard of novelty or whether it is obvious and precluded by the prior art. There are two sub-issues: first, whether the patent examiner ultimately rejected the December 30, 1983, date and Jewish Hospital acquiesced; second, if that is not the case, whether the law concerning patent applications and continuations entitles Jewish Hospital to the earlier date. On the first issue, I conclude that the patent examiner did not finally deny the 1983 date and that Jewish Hospital did not acquiesce in the 1985 date. On the second, I conclude that the original application sufficiently disclosed the invention to obtain the December 1, 1983, effective date.

■ The original filing date of the '117 (grandparent) patent was December 1, 1983. The patent examiner rejected the claims on November 8, 1984, and the patent applicant filed a first continuation ('728) on May 6, 1985. On July 1, 1985, the patent examiner rejected the claims again.

On December 30, 1985, the patent applicant filed a continuation-in-part (patent application '684) providing information that, Jewish Hospital claims, disclosed inherent characteristics of the antigens, antibodies and assays claimed in the original patent application. IDEXX disagrees, maintaining that the continuation-in-part included new matter. The examiner rejected the claims once again on October 20, 1987. The patent applicant filed a response on April 21, 1988, and ultimately on July 19, 1988, the patent examiner finally allowed claim 1.

It is the language of this 1988 allowance that creates the dispute over patent office treatment of the filing date. The examiner stated that the arguments and evidence filed by the patent applicant on April 21, 1988, "are sufficient to overcome the objections and rejections set forth in paragraphs 1, 2 and 4 of the Office action mailed October 20, 1987." Action of July 19, 1988 ¶ 1, at 2. On that basis, the examiner finally allowed claim 1. In a separate section, the examiner stated: "The rejection of claims 2–11 and 16–22 as set forth at paragraph 3 of the Office action mailed October 20, 1987 is maintained essentially for the reasons set forth therein."

*Id.* ¶ 2, at 2. Paragraph 3 of the October 20, 1987, action had dealt with why the claimed antigens and antibodies of those particular claims were either obvious in light of, or anticipated by, the prior art. In the very last sentence of the section, the examiner stated: "Note claims 1–11 and 16–22 are denied benefit of the 12/01/83 filing date of parent application 06/557,117 in view of the additional description added to the specification and claims of this application." Action of Oct. 20, 1987 ¶ 3, at 9 (emphasis added). Paragraph 3 otherwise had nothing to do with claim 1. In fact, the language concerning the relevant date seems equally directed to paragraph 4 of the October 20, 1987, action because paragraph 4 considered 1984 literature that would be inapplicable if the December 1, 1983, date were allowed. The ultimate July 19, 1988, final allowance of claim 1 and the patent examiner's finding that the applicant's April 19, 1988, response overcame all paragraph 4 concerns (indicating that the 1984 publications were no longer relevant) thus strongly suggest that the 1983 date was allowed.

In any event, both the Manual of Patent Examining Procedure ("MPEP") and caselaw require that the examiner be clear in her rejection and require her to note specifically in every letter " 'all the requirements outstanding against the case. Every point in the prior action of an examiner which is still applicable must be repeated or referred to, to prevent the implied waiver of the requirement.' " *Paperless Accounting, Inc. v. Bay Area Rapid Transit Sys.,* 804 F.2d 659, 663 (Fed.Cir.1986) (quoting MPEP § 707.07(e)) (emphasis omitted). Certainly there was no clear rejection of the 1983 date in the final allowance by the examiner.

Instead, given the fact that the applicant clearly objected in April, 1988, to the refusal to grant the December 1, 1983, filing date and made specific arguments in that connection, given the fact that the examiner ultimately allowed claim 1 as if 1984 publications were irrelevant, and given the ambiguous scope of the patent examiner's earlier reference concerning the filing date, a reasonable reading of the history is that the examiner withdrew her objection to the December 1,

1983, filing date. Indeed, even IDEXX concedes that the examiner seems to have allowed the 1983 filing date for at least claim 1. *See* Def.'s Opp. to "Plaintiff's Request for Leave to File a Motion to Strike or for Leave to File a Response" and to "Plaintiff's Motion to Strike Portions of Defendant's Briefing or, Alternatively, for Leave to Respond to New Arguments Raised by Defendant," at 4.

■ What is even more clear from all this is that the applicant certainly never acquiesced in the denial of the December 1, 1983, filing date. On that issue, IDEXX has the burden to show acquiescence by clear and convincing evidence. *See Pennwalt Corp. v. Akzona, Inc.,* 740 F.2d 1573, 1578–79 (Fed.Cir.1984). IDEXX has not shown even a prima facie case of acquiescence. *See id.* at 1579. Instead, the applicant specifically objected in its filing of April 21, 1988, and never indicated any change in this position. I conclude, moreover, that the patent examiner ultimately granted the December 1, 1983, filing date or, at worst, never made a clear decision on it in the final allowance. There was, therefore, no acquiescence by Jewish Hospital to the later filing date.

Instead, I must confront the substantive issue of whether the materials added in the continuation-in-part on December 30, 1985, were new materials that could only be effective as of that date, or whether they were inherent characteristics of the antigens, antibodies and assays claimed on December 1, 1983, such that only prior art that precedes the December 1, 1983, filing date can be examined.

According to the Federal Circuit, on this issue of whether the original claims were sufficient to justify the December 1, 1983, filing date, "[t]he issue of support for claims in the specification as required by [35 U.S.C.] § 112 is a question of law, but it is dependent on underlying factual and legal findings." *Paperless Accounting,* 804 F.2d at 664 (citations omitted). Here, there are no relevant facts in dispute. The issue is whether the claims are "adequately supported by the disclosure" in the original patent application. *Id.* The original application made clear that the applicant was claiming to have discovered and was seeking a patent for newly-defined antigens in dog blood or sera, new antibodies, and new tests for determining the pres-

ence of heartworm. For the antigens, the original claim listed six characteristics. The continuation-in-part added four more. These additional characteristics are inherent in the antigens originally discovered; they simply add more descriptive criteria. The continuation-in-part also added language that the antigens were "essentially purified and isolated." This language was added to meet the examiner's objection that without such limiting language the patent would be claiming a product of nature, an unpatentable subject. But nothing new is provided by the addition. Since the continuation-in-part provides inherent characteristics of the items previously disclosed in the 1983 application, it does not result in a later effective date. *See Kennecott Corp. v. Kyocera Int'l, Inc.,* 835 F.2d 1419, 1421–22 (Fed.Cir.1987) (entitling a description of inherent property, though later added to the specification, to the original filing date). (Contrary to IDEXX, I do not read *Vas–Cath, Inc. v. Mahurkar,* 935 F.2d 1555, 1563–64 (Fed.Cir.1991), as casting any doubt on the relevant portion of the *Kennecott* holding.)

Therefore, I conclude that Jewish Hospital, the current patent holder, is entitled to the December 1, 1983, effective date.

So ORDERED.