49 CCPA

**Application of KNAPP–MONARCH COMPANY.**

**Patent Appeal No. 6726.**

United States Court of Customs
and Patent Appeals.

Dec. 18, 1961.

George B. Newitt, Chicago, Ill. (Norman Lettvin, Chicago, Ill., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

SMITH, Judge.

Appellant filed application Serial No. 64,308 on December 15, 1958 for registration on the principal register of a composite mark consisting of the word "Sparklet" superimposed upon an elongated "S" with a stylized symbol (which appellant calls a "sparkle") used like an asterisk after the letter "t", thus, "Sparklet *," for electric drink blenders. Registration of the mark was refused because of prior registrations of the mark "Sparklets" for "compressed carbonic acid gas" (Registration No. 30,-214) and "Sparklets" for "covered siphons and bulbs or capsules for containing compressed or liquified gas" (Registration No. 318,546).

The sole issue is whether appellant is entitled to register its mark in view of the provisions of section 2(d) of the Trade-Mark Act of 1946 (15 U.S.C. § 1052, 15 U.S.C.A. § 1052). Resolution of this issue requires a determination of whether the mark for which registration is sought so resembles the marks previously registered as to be likely, when applied to the goods of the applicant, to cause confusion or mistake or to deceive purchasers.

Appellant asserts (1) that no confusion or deception of purchasers is likely since the reference marks are different from appellant's mark, and (2) that there is no likelihood of confusion or deception of purchasers since electric drink blenders and the goods of the reference registrations are different.

On appellant's first assertion, we find that appellant's mark is not sufficiently different from the reference marks to prevent the likelihood of confusion or mistake or the deception of purchasers. Neither the addition of the stylized figure of a "sparkle" over the last letter, nor the use of the singular form of the word "sparklet," nor the use of the elongated background "S" avoids the similarities in appearance, sound and meaning of the identical word "Sparklet" found in both reference registrations and in applicant's mark.

Appellant stresses differences in the goods to which its mark and the reference marks are applied and points out that such goods are classified in different Patent Office classifications. However, the marks when used on the goods of the respective parties would indicate to the average purchaser a common source or origin of all goods on which the marks are used. The Patent Office classification of particular goods is immaterial in determining the likelihood of confusion or mistake or deception of purchasers as to source or origin of the goods. Rules of Practice in Trade-Mark Cases, Rule 2.85, 15 U.S.C.A.Appendix; section 30 of the Trade-Mark Act of 1946 (15 U.S.C. § 1112, 15 U.S.C.A. § 1112).

It is a matter of common knowledge that electric drink blenders and the reference registration goods are used as "bar accessories," and are sold in similar trade channels to the same class of purchasers. The Trademark Trial and Appeal Board properly took judicial notice

---

[*] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.

that such goods are sold in common trade channels. See In re Malcolm, 129 F.2d 529, 29 CCPA 1145.

■■ Judicial notice permits proof by evidence to be dispensed with where common knowledge supports the truth of a proposition.[1] Judicial notice also may be taken of facts "though they are neither actually notorious nor bound to be judicially known, yet they would be capable of such instant and unquestionable demonstration, if desired, that no party would think of imposing a falsity on the tribunal in the face of an intelligent adversary."[2] But a party "is not prevented from disputing the matter by evidence, if he believes it disputable."[3]

■■ Factual matters of which judicial notice is taken can be challenged by production of evidence to the contrary. If, therefore, appellant here wishes to challenge the truth of the matters judicially noted by the examiner and the Trademark Trial and Appeal Board, he must challenge it by presenting evidence to the contrary. The record does not show any such evidence. In the absence of such evidence, the board's finding, based on its judicial notice of the fact that the goods are sold in the same trade channels, is conclusive of the issue here.

■ Appellant also contends that its Registration No. 669,376 of November 4, 1958, of the composite mark "Spark-let" and design for "bar accessory kits" was improperly ignored by the examiner and the board in refusing the registration here in issue. Appellant asserts that section 7(b) of the Trade-Mark Act of 1946 (15 U.S.C. § 1057(b), 15 U.S.C.A. § 1057(b)) raises a statutory presumption that the registered mark is dissimilar to other registered marks for similar goods. Based upon this assertion, appellant contends that the owner of the registered mark is entitled to the benefit of any reasonable doubt as to the registrability of the same or a closely similar mark upon a subsequent application to register. Even if we accept this contention, it does not help appellant for there is no reasonable doubt in this case. Appellant's Registration No. 669,376, as prima facie evidence under section 7(b) of the Trade-Mark Act of 1946, is insufficient to rebut the finding of likelihood of confusion, mistake or deception of purchasers based on the common knowledge, judicially noticed and relied upon by the examiner, the board and this court, that electric drink blenders and the reference goods are sold to the same classes of purchasers and in the same trade channels.

The decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.

WORLEY, Chief Judge, concurs in result.

1. Wigmore on Evidence, Third Edition (1940), Vol. IX, Section 2565.

2. Wigmore on Evidence, Third Edition (1940), Vol. IX, Section 2571(3).

3. Wigmore on Evidence, Third Edition (1940), Vol. IX, Section 2567.