58 CCPA

**Application of Kenneth L. RUSSELL.**

**Patent Appeal No. 8478.**

United States Court of Customs and Patent Appeals.
April 22, 1971.

Samuel Stearman, attorney of record, for appellant; Eric Y. Munson, New York City, of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Fred W. Sherling, Washington, D. C., of counsel.

Before RICH, ALMOND, BALDWIN, LANE, Associate Judges, and RE, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of all claims in appellant's application serial No. 531,756, filed March 4, 1966, for "Aqueous Compositions Containing Lanolin Oil." We reverse.

The specification describes the preparation of aqueous, lanolin-containing compositions, useful in shampoos and other detergent products. The compositions are clear, transparent solutions when initially produced, and do not require filtration to render them so, a factor of central importance to the issues in this appeal.

Claim 1 is typical of the claims on appeal:

1. A composition consisting essentially of:

(1) water

(2) a water-soluble substance selected from the group consisting of fatty acid soaps, synthetic detergents and mixtures thereof,

(3) a liquid fraction of lanolin,

(4) a non-ionic surfactant consisting essentially of a polyoxyethylene ether of lanolin alcohol condensed with 16 mols of ethylene oxide; and

(5) a higher fatty acid alkanolamide;

said surfactant being present in a ratio of from about 1:1 to about 3:1 relative to the amount of said liquid fraction of lanolin, and said alkanolamide being present in a ratio of from about ½:1 to about 7:1 relative to the amount of said liquid fraction of lanolin, whereby to effect synergistic solubilization of said liquid fraction of lanolin, said composition being clear and transparent as initially produced and without requiring filtration thereof.

The claims stand rejected under 35 U.S.C. § 103 as unpatentable over Wei[1] in view of Conrad[2] and *Products Bulletin*.[3]

Wei discloses water solubilization of lanolin by the addition of a higher fatty acid alkylolamide. The use of non-ionic surfactants, including polyoxyethylene compounds, in such compositions is disclosed. Wei teaches the use of the alkylolamide and lanolin in proportions of "at least 1:1," and states that a "preferred embodiment" contains these ingredients in proportions of from 2:1 to 100:1. However, the only compositions specifically described contained an alkylolamide and lanolin in a 10:1 ratio, which

1. U.S. Patent 2,900,307, Aug. 18, 1959.

2. Proceedings of Scientific Section, Toilet Goods Association, No. 29, pp. 14–18 (June 1958).

3. Robinson, Wagner Co. Products Bulletin No. 37, pp. 2–3 (April 2, 1956).

places those compositions outside the scope of appellant's claims.

Conrad discloses water solubilization of lanolin by the use of polyoxyethylene ethers of lanolin alcohols as surfactants. It is stated that when the ratio of surfactant is 3:1, "opalescent solutions were obtained only at certain concentrations," whereas clear solutions were obtained over a "complete range of concentrations" when ratios of 6:1 and 9:1 were employed.

*Products Bulletin* was cited only to show that the lanolin alcohols mentioned in Conrad are within the group of compounds taught by Wei as suitable surfactants.

The board affirmed the examiner's rejection of all the claims as obvious over Wei in view of the combination of Conrad and *Products Bulletin.*

The board also affirmed the examiner's rejection of the claims on the ground of res judicata, based on the dismissal of a civil action brought with regard to appellant's parent application in the District Court for the District of Columbia. The claims involved in that action were the same as those here, except that they lacked the recital that the compositions are initially clear without filtration. Neither side here appears to view this recital as a true limitation. It is appellant's contention that satisfying the other recitations will necessarily produce clear compositions. The added phrase is therefore in the nature of a "whereby" clause.

The District Court, upon stipulation of the parties and without hearing the case on the merits, dismissed the complaint "with prejudice as to" the claims in the parent case but "without prejudice as to any claims which the Patent Office may allow in the continuation application, Serial No. 531,756, filed March 4, 1966."

▋▋ Appellant points out that two affidavits under Rule 132 have been presented in the instant case, neither of which was considered by the Patent Office in the parent case. The examiner and the board, in attempting to distin-

guish this case from In re Herr, 377 F.2d 610, 54 CCPA 1315 (1967), noted that in this case appellant could have presented the evidence earlier, in the proceedings on the parent application.

We do not think the attempted distinction is sound. In reversing the res judicata rejection in *Herr,* we noted that a new record presents a new issue. We also stated:

> Theories and assumptions of what appellant *might* have done before appealing to this court [the first time] are not for us to pass on. Our concern is with what he actually *has* done in seeking to establish and protect his rights.

*Id.,* 377 F.2d at 612, 54 CCPA at 1317–1318, fn. 6 (emphasis quoted). Here appellant has made a new record, presenting different questions of patentability even if the claims are viewed as identical to those in the prior case, as they were in *Herr.* As we pointed out in In re Craig, 411 F.2d 1333, 56 CCPA 1438 (1969), there is a public interest in *granting* valid patents which must be considered against the public interest upon which res judicata is based. For this reason, we reverse the board's decision on the res judicata rejection.

Turning to the obviousness issue, appellant contends that the prior art does not suggest the combining of two lanolin-solubilizing agents, viz., a polyoxyethylene ether of lanolin condensed with 16 mols of ethylene oxide *and* a higher fatty acid alkanolamide. We disagree. Appellant admits that "One of the surface active lanolin derivatives referred to in the Conrad et al publication is polyoxyethylene ether of lanolin alcohol condensed with 16 mols of ethylene oxide." Since Wei teaches that the combining of a higher fatty acid alkylolamide and a surface active agent is desirable, that "any suitable surface active agent may be employed," and that these include non-ionic agents including 'polyoxyethylene ethers of higher aliphatic alcohols," it would appear that the mere combining of a particular higher fatty acid alkanolamide and the surfactant shown in Con-

rad would have been obvious, in the absence of unexpectedly superior results or other evidence of nonobviousness. There is no evidence here that the mere selection of the ingredients was unobvious.

■ This brings us to what we view as appellant's principal contention, i. e., that the evidence he submitted to the Patent Office overcomes any prima facie conclusion of obviousness by showing that the *particular proportions* of ingredients to which the claims are limited produce unexpectedly superior results as compared to prior art compositions.

Essentially, appellant's contention is that the employment of the proportions recited in the claims unexpectedly yields clear compositions without the need for a filtration step. Appellant's position on the law is sound, for even though part of appellant's range of proportions, and all of his ingredients, are suggested by the broad teaching of Wei, if appellant can establish that his relatively narrow ranges yield unexpectedly superior results as against the broad Wei ranges as a whole, appellant will have established unobviousness of the claimed invention. See In re Luvisi, 342 F.2d 102, 52 CCPA 1063 (1965); In re Neave, 370 F.2d 961, 54 CCPA 999 (1967).

■ Appellant points to the fact that, whereas Wei teaches using an alkylolamide and lanolin in the ratio of from 2:1 to 100:1, the ratio in the claims here is limited to the relatively narrow range of from ½:1 to 7:1. Appellant contends that, within the ranges recited in the claims, a result occurs wihch is unexpected from Wei's teaching: clear solutions without filtration. There appears to be no dispute that appellant's compositions in fact possess this property or that it is advantageous. The issue is whether it would be unexpected in view of Wei.

The Patent Office takes the position that compositions made according to Wei's teaching are initially clear and require no filtration. Portions of the Wei patent would seem to support such

a view. Wei's object is to produce clear aqueous solutions containing lanolin. After explaining how to select and mix the various ingredients, the patentee states:

> The resulting composition may exhibit some cloudiness or haziness, which is primarily due to impurities in the lanolin wax. These impurities may be removed by any technique suitable for solid-liquid phase separation. It has been found that the cloudiness may be removed easily by a filtration step wherein the liquid is filtered on a filter cloth or press. The resulting filtrate is a clear, sparkling transparent liquid having the lanolin in solution.

This passage would indicate that cloudiness occurs only in some instances and that it is due to solid impurities in the lanolin.

Wei, however, gives twelve working examples. In all but the first, a filtration step is expressly taught. In the first example solid lanolin is used, whereas the appealed claims call for a liquid fraction of lanolin. As regards the use of liquid lanolin, Wei gives no example purporting to obtain a clear solution without filtration.

We believe that one skilled in the art would have concluded from the totality of the Wei patent either (1) that initially clear solutions could not be obtained at all using a liquid fraction of lanolin; or (2) that clear solutions could not be consistently obtained by Wei's teachings. Our belief is further supported by appellant's affidavits, which describe experiments corresponding to the single example of Wei in which filtration is not mentioned. The affidavits state that cloudy solutions were obtained.

In view of the uncertainty generated by the Wei patent, the initial cloudiness obtained with Wei's teaching at a 10:1 ratio of alkylolamide to lanolin, and Conrad's teaching of better clarity with 6:1 and 9:1 ratios of surfactant to lanolin than with 3:1, we agree with appellant that it would have been completely un-

expected that by using *less* solubilizer and *less* surfactant, clear solutions would be consistently obtained without filtration. The fact that appellant's compositions consistently eliminate the need for filtration is an unexpected advantageous property not possessed in general by the class of compositions taught by Wei nor by any specific composition disclosed in the prior art of record. Accordingly, despite the fact that some of the claimed compositions are within the broad teachings of Wei, we conclude that because of their unexpected advantageous property they would not have been obvious.

The decision of the board is reversed.

Reversed.