**In re John A. DONOHUE.**

**Serial No. 263900.**

**Appeal No. 85–868.**

United States Court of Appeals,
Federal Circuit.

July 3, 1985.

William Magidson, of Chicago, Ill., argued for appellant.

Harris A. Pitlick, Associate Solicitor, U.S. Patent & Trademark Office, of Arlington, Va., argued for appellee. With him on the brief were Joseph F. Nakamura, Solicitor and John W. Dewhirst, Associate Solicitor, Washington, D.C.

Before MARKEY, Chief Judge, BALDWIN, Circuit Judge, and MILLER,* Senior Circuit Judge.

JACK R. MILLER, Senior Circuit Judge.

This is an appeal from the decision of the U.S. Patent and Trademark Office ("PTO") Board of Appeals ("board") sustaining the

---

* Judge Miller assumed senior status effective June 6, 1985.

final rejection of appellant's claims [1] 1, 2, 5, 6, 7, 25, and 28. We affirm.

## BACKGROUND

The subject matter of this appeal was previously before this court's predecessor in *In re Donohue*, 632 F.2d 123, 207 USPQ 196 (CCPA 1980) (*"Donohue I"*).[2] There is no need to discuss the details of that opinion; however, a summary of the pertinent facts is appropriate for a full understanding of the issues before us.

The present invention relates to 2,2',6,6'-tetramethylbiphenyl-4,4'-dicarboxylic acid compounds which are suitable for producing polymers used to form shaped objects, such as film, fibers, or molded parts. Claim 1, which is the sole independent claim on appeal, is illustrative:

2,2',6,6'-tetramethylbiphenyl-4,4'-dicarboxylic acid compound comprising said acid, an acyl halide derivative thereof, or a simple ester thereof.

The PTO has rejected all the appealed claims under 35 U.S.C. § 102(b) "as anticipated by Nomura [et al.], optionally in view of Lincoln and Walker [et al.]."

Nomura et al. ("Nomura")[3] discloses twelve 2,2',6,6'-tetramethylbiphenyls ("TMBP") which are 4,4'-disubstituted with $NH_2$, $NMe_2$, OH, OMe, Cl, Br, I, $CO_2H$, $CO_2Me$, CN, $NO_2$, or H substituents. Methods of preparing all these compounds, except those disubstituted with $CO_2H$ or $CO_2Me$, are set forth in Nomura. Nomura's disclosure of how to make 4,4'-dinitrile (or dicyano) TMBP is particularly signifi-

cant, because Lincoln [4] and Wagner et al. ("Wagner")[5] teach, generally, the preparation of carboxylic acids from nitriles by hydrolysis.

In *Donohue I*, a majority of the Court of Customs and Patent Appeals ("CCPA") affirmed the PTO's rejection of appealed claims 1, 5, 6, and 7 [6] under 35 U.S.C. § 102(b). *Id.* at 127, 207 USPQ at 200. The basis for the rejection was, as it is here, Nomura with reference to Lincoln and Wagner. *Id.* at 126, 207 USPQ at 199.

A minority of the CCPA voted to reverse the PTO's decision, because they concluded it was uncertain from the text of Nomura that the dicarboxylic acid TMBP and dimethyl ester TMBP were ever prepared. *Id.* at 129, 207 USPQ at 201. Accordingly, Nomura's disclosure was, in the minority's view, no more than a mere naming of the claimed compounds which is insufficient to constitute an enabling disclosure. *Id.* at 129, 207 USPQ at 201.

After *Donohue I*, the presently-appealed application was filed. During prosecution before the PTO, appellant submitted an affidavit under 37 C.F.R. § 1.132 executed by Dr. Ellis K. Fields ("Fields affidavit"). In this affidavit, Dr. Fields states that he wrote to Dr. Yoshito Takeuchi, one of the authors of Nomura, to ask whether the disclosed dicarboxylic acid TMBP or dimethyl ester TMBP compounds were ever synthesized, as indicated in Nomura. Dr. Takeuchi responded by stating that these compounds were not synthesized, and Dr.

---

1. In application Serial No. 263,900, filed May 15, 1981, for Tetramethylbiphenylcarboxylic Acids and Derivatives Thereof, which is a division of Serial No. 60,909, filed July 26, 1979, and a continuation of Serial No. 622,649, filed October 15, 1975, which is a continuation-in-part of Serial No. 517,506, filed October 24, 1974.

2. *Donohue I* involved application No. 622,649. See note 1, *supra*.

3. Yujiro Nomura and Yoshito Takeuchi, "Substituent Effects in Aromatic Proton Nuclear Magnetic Resonance Spectra. Part VI. [$^2H_6$] Benzene-induced Solvent Shifts in 4,4'-Disubstituted 2,2',6,6'-Tetramethylbiphenyls and Related Compounds," *J. Chem. Soc'y (B)*, 956–60 (1970).

4. U.S. Patent No. 3,876,691, issued April 8, 1975, on application No. 351,696, filed April 16, 1973, for a "Process for the Hydrolysis of Nitriles."

5. Wagner et al., *Synthetic Organic Chemistry* 412–15 (John Wiley & Sons, N.Y., N.Y.) (1965).

6. Claim 1 in *Donohue I* differs from claim 1 of the present appeal only in that the latter includes the limitation "comprising said acid, an acyl halide derivative thereof, or a simple ester thereof." Claims 5, 6, and 7 of *Donohue I* specify the same dependent features as in the presently-appealed claims of the same number.

Fields submitted his affidavit to that effect.

Despite the Fields affidavit, the examiner finally rejected the claims, and an appeal to the board was filed. The board affirmed the rejection of the claims on the grounds stated *supra,* holding that it was bound by *Donohue I.* As to the Fields affidavit, the board held that whether the authors of Nomura actually prepared the claimed compounds is not "material or relevant"; rather, the key factor in evaluating the adequacy of a reference's disclosure was deemed to be whether that disclosure would have been enabling, and the board determined that the CCPA had decided that question with respect to Nomura.

## ANALYSIS

Appellant has made a record different from that in *Donohue I* by submitting the Fields affidavit. This new record presents a new issue of patentability with respect to whether the previously-sustained anticipation rejection can still be maintained. In view of this new issue, the PTO properly declined to make a formal *res judicata* rejection and addressed the question of whether the Fields affidavit overcomes the rejection of the claims based on Nomura. *See In re Ackermann,* 444 F.2d 1172, 1176, 170 USPQ 340, 343 (CCPA 1971); *In re Russell,* 439 F.2d 1228, 1230, 169 USPQ 426, 428 (CCPA 1971); *In re Herr,* 377 F.2d 610, 611, 153 USPQ 548, 549 (CCPA 1967).

Appellant argues that the Fields affidavit, which states that the authors of Nomura did not make the disclosed dicarboxylic acid TMBP and dimethyl ester TMBP compounds, overcomes the PTO's rejection. It is urged that *Donohue I* and *In re Samour,* 571 F.2d 559, 197 USPQ 1 (CCPA 1978), require, *inter alia,* that a 35 U.S.C. § 102(b) rejection based on a primary reference disclosing a claimed compound in conjunction with one or more references which teach how to make that compound, should be sustained only if the claimed compound was actually made. We disagree.

It is well settled that prior art under 35 U.S.C. § 102(v) must sufficiently describe the claimed invention to have placed the public in possession of it.[7] *In re Sasse,* 629 F.2d 675, 681, 207 USPQ 107, 111 (CCPA 1980); *In re Samour,* 571 F.2d at 562, 197 USPQ at 4; *see also Reading & Bates Construction Co. v. Baker Energy Resources Corp.,* 748 F.2d 645, 651–52, 223 USPQ 1168, 1173 (Fed.Cir.1984). Such possession is effected if one of ordinary skill in the art could have combined the publication's description of the invention with his own knowledge to make the claimed invention. *See In re LeGrice,* 301 F.2d at 939, 133 USPQ at 373–74. Accordingly, even if the claimed invention is disclosed in a printed publication, that disclosure will not suffice as prior art if it was not enabling. *In re Borst,* 345 F.2d 851, 855, 145 USPQ 554, 557 (CCPA 1965), *cert. denied,* 382 U.S. 973, 86 S.Ct. 537, 15 L.Ed.2d 465 (1966). It is not, however, necessary that an invention disclosed in a publication shall have actually been made in order to satisfy the enablement requirement.

*In re Wiggins,* 488 F.2d 538, 179 USPQ 421 (CCPA 1973) and *In re Sheppard,* 339 F.2d 238, 144 USPQ 42 (CCPA 1964), do not support a contrary view. In those cases, the references were deemed insufficient, because they stated that attempts to prepare the claimed compounds were unsuccessful. Such failures by those skilled in the art (having possession of the information disclosed by the publication) are strong evidence that the disclosure of the publication was nonenabling. By contrast, the fact that the author of a publication did not attempt to make his disclosed invention does not indicate one way or the other whether the publication would have been enabling.

Although *In re Samour* and *Donohue I* mention that the claimed invention in each case was apparently produced in conjunction with the anticipatory reference, this is a far cry from proclaiming that such pro-

---

7. This rule is based on the "described in a printed publication" language in 35 U.S.C. § 102(b).

*See In re LeGrice,* 301 F.2d 929, 936, 133 USPQ 365, 371 (CCPA 1962).

duction is required to meet the enablement requirement. *In re Samour*, in fact, states:

> [W]hether or not [the claimed invention] has been made previously is not essential to a determination that a method of preparing it would have been known by, or would have been obvious to, one of ordinary skill in the art.

571 F.2d at 563 n. 6, 197 USPQ at 4 n. 6. Therefore, the statements in *In re Samour* and *Donohue I* that the claimed invention was made previously serve to point out the absence of any strong evidence of nonenablement as in *Wiggins* and *Sheppard*. *See In re Donohue*, 632 F.2d at 126 n. 6, 207 USPQ at 199 n. 6.

■ At oral argument, appellant also challenged the correctness of the CCPA's holding in *In re Samour* and *Donohue I* that several references can be used together to support an anticipation rejection. However, we are bound by the CCPA's decision in those cases. *South Corp. v. United States*, 690 F.2d 1368, 1370–71, 215 USPQ 657, 658 (Fed.Cir.1982) (in banc). At the same time, we have no difficulty with the rejections made in *In re Samour* and *Donohue I*.

■ It is elementary that an anticipation rejection requires a showing that each limitation of a claim must be found in a single reference, practice, or device. *E.g., Kalman v. Kimberly-Clark Corp.*, 713 F.2d 760, 771, 218 USPQ 781, 789 (Fed.Cir. 1983), *cert. denied*, ―― U.S. ――, 104 S.Ct. 1284, 79 L.Ed.2d 687 (1984). The anticipation rejection used here, as in *In re Samour* and *Donohue I*, is not inconsistent with this rule. *See In re Marshall*, 578 F.2d 301, 304, 198 USPQ 344, 346 (CCPA 1978). The additional references utilized in this case (viz., Lincoln and Wagner) are not relied upon for suggestion or motivation to combine teachings to meet the claim limitations, as in rejections under 35 U.S.C. § 103. *In re Samour*, 571 F.2d at 563, 197 USPQ at 4–5. Such reliance would be pointless, because Nomura alone discloses every element claimed. The purpose of citing Lincoln and Wagner is, instead, to show that the claimed subject matter, as disclosed in Nomura, was in the public's possession. *Id.* Therefore, the anticipation rejection based on Nomura, Lincoln, and Wagner is proper.[8]

Appellant also argues that the references fail to teach the solubility characteristics and melting point range set forth in dependent claims 25 and 28, respectively.[9] However, where, as here, the dicarboxylic acid TMBP and dimethyl ester TMBP of Nomura are identical to the claimed invention, the properties of Nomura's compounds are inherently the same as those of the claimed invention in the absence of proof to the contrary. *See In re Best*, 562 F.2d 1252, 1255, 195 USPQ 430, 433–34 (CCPA 1977).

In view of the foregoing, the board's decision is affirmed.

AFFIRMED

---

8. *Compare Studiengesellschaft Kohle, M.B.H. v. Dart Industries, Inc.*, 726 F.2d 724, 220 USPQ 841 (Fed.Cir.1984) (recognized exception occasionally permitting use of additional references in anticipation rejections but holding exception did not apply).

9. Claims 25 and 28 read as follows:

> 25. The acid of Claim 2, said acid being soluble in ether and N-methyl-2-pyrrolidone.
> 28. The dimethyl ester of Claim 7, having a melting point of 128–129°C.