22 F.3d 1102
 31 U.S.P.Q.2d 1451
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Samuel S.M. SUN, Susan B. Altenbach and Jeffrey Townsend.
 No. 93-1261.
 United States Court of Appeals, Federal Circuit.
 Dec. 23, 1993.
 
 Before MAYER and MICHEL, Circuit Judges, and SCHWARZER, Senior District Judge.*
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Sun et al. (appellants) appeal the December 28, 1992 decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (Board), Appeal No. 92-3590, affirming the examiner's rejection of claims 1-3 and 20[1] of application Serial No. 07/510,708 as anticipated under 35 U.S.C. Sec. 102(b) (1988) and as obvious under Sec. 103 over an abstract by Sun and others (the Sun publication), and, separately, over an abstract by Altenbach and others (the Altenbach publication), and of claims 20-35 as obvious over various references. As argued, these claims stand or fall together. Because appellants' evidence was insufficient to rebut the prima facie case that the two abstracts were enabling and therefore prior art, because appellants conceded that all limitations in the claims were inherent in the two abstracts, and because the anticipation findings were not otherwise tainted by legal error, we affirm.
 
 DISCUSSION
 I. Background
 
 2
 The claimed invention relates to DNA which encodes certain subunits of a sulfur-rich protein found in Brazil nuts, and the product resulting from the transfer of that DNA first to certain plant cells and then to higher plants to increase their nutritional value. What is claimed is the DNA itself, although it is defined by the subunits it encodes, not its structure.
 
 
 3
 The examiner rejected the claims over abstracts, published over one year before the filing date of the application, by Sun et al. and Altenbach et al., two of the three inventors. Although the examiner admitted that the abstracts lacked the "teaching of specific amino acid sequences encoded by the DNA sequences," and an "explicit teaching of plasmids or non-B. excelsa cells containing the DNA," he nevertheless found that all limitations of the claims were inherent in these publications. Appellants did not dispute inherency. He therefore asserted he had established a prima facie case of anticipation.
 
 
 4
 Appellants then filed a declaration by Altenbach asserting that neither the Sun nor the Altenbach publication was enabling. But in his final office action, the examiner concluded that the abstracts were enabling and, therefore, that no claims were patentable. The Board affirmed the anticipation rejections as well as others which, in light of our holding, need no analysis.
 
 
 5
 Appellants appealed here, again arguing that neither abstract was enabling, and also that the examiner's rejection exceeded his authority to rely on noticed facts, was a denial of due process and was per se improper.
 
 
 6
 We consider all contested claims together. Claims 21-35 each depend, explicitly or effectively, from independent claim 20. For this reason and because appellants have not separately argued the patentability of claims 21-35, those claims must stand or fall with claim 20. Since appellants also failed to argue the separate patentability of claims 1-3 and 20, all contested claims stand or fall together. In re Van Geuns, 988 F.2d 1181, 1186, 26 USPQ2d 1057, 1060 (Fed.Cir.1993); In re King, 801 F.2d 1324, 1325, 231 USPQ 136, 137 (Fed.Cir.1986).
 
 II. Standards of Review
 
 7
 Anticipation is a question of fact which we review under the clearly erroneous standard. In re King, 801 F.2d at 1326, 231 USPQ at 138. However, enablement of a prior art reference is a question of law, which we review for simple error. See Reading & Bates Construction Co. v. Baker Energy Resources Corp., 748 F.2d 645, 651-52, 223 USPQ 1168, 1173 (Fed.Cir.1984) (holding that printed brochure was non-enabling as a matter of law).
 
 III. Standard of Proof
 
 8
 Under section 102(b), anticipation requires that the prior art reference disclose, either expressly or under the principles of inherency, every limitation of the claim. In re King, 801 F.2d at 1326, 231 USPQ at 138; RCA Corp. v. Applied Digital Data Sys., Inc., 730 F.2d 1440, 1444, 221 USPQ 385, 388 (Fed.Cir.), cert. dismissed, 468 U.S. 1228 (1984). Appellants do not here dispute that the two abstracts do so.
 
 
 9
 But to be prior art under section 102(b), a reference must be enabling. Paperless Accounting, Inc. v. Bay Area Rapid Transit Sys., 804 F.2d 659, 665, 231 USPQ 649, 653 (Fed.Cir.1986), cert. denied, 480 U.S. 933 (1987); In re Donohue, 766 F.2d 531, 533, 226 USPQ 619, 621 (Fed.Cir.1985) (citing In re Sasse, 629 F.2d 675, 681, 207 USPQ 107, 111 (CCPA 1980)). That is, it must put the claimed invention in the hands of one skilled in the art. In re Donohue, 766 F.2d at 533, 226 USPQ at 621. This appellants do dispute.
 
 IV. Burdens of Proof and Production
 
 10
 The examiner bears the burden of presenting at least a prima facie case of anticipation. In re King, 801 F.2d at 1327, 231 USPQ at 138-39; In re Wilder, 429 F.2d 447, 450, 166 USPQ 545, 548 (CCPA 1970). Only if that burden is met, does the burden of going forward shift to the applicant. In re King, 801 F.2d at 1327, 231 USPQ at 138-39; In re Wilder, 429 F.2d at 450, 166 USPQ at 548. Once a prima facie case is established and rebuttal evidence is submitted, the ultimate question becomes whether, based on the totality of the record, the examiner carried his burden of proof by a preponderance. See In re Oetiker, 977 F.2d 1443, 1445, 24 USPQ2d 1443, 1444 (Fed.Cir.1992). We see no reason to change this allocation of burdens just because anticipation here turns on enablement.
 
 V. Enablement
 
 11
 The examiner, relying on In re LeGrice, 301 F.2d 929, 133 USPQ 365 (CCPA 1962), asserted initially that the Sun and Altenbach publications provided sufficient information to enable those skilled in the art to make the claimed composition when taken in conjunction with their independent knowledge. He did not cite references for such knowledge. The declaration of Altenbach, however, asserted:
 
 
 12
 I have reviewed the abstracts cited herein by Sun et al. and Altenbach et al. One of ordinary skill in the art reading only these abstracts would be unable to obtain cDNA encoding the 2S seed storage protein claimed herein without additional information. Specifically, without information as to the nature of the probe, how to purify the protein and the sequence that is relevant to probe design, it would not be possible to utilize the information in the abstracts without undue experimentation (directed to the above-mentioned goals) in order to succeed.
 
 
 13
 (Emphasis added). However, the declaration said nothing further on this issue, and appellants did not submit any additional evidence of non-enablement.
 
 
 14
 In the final office action, the examiner took official notice of the availability to one skilled in the art of "protein purification and sequencing techniques, molecular weight determination techniques, sedimentation rate determination techniques, oligonucleotide synthesis techniques, DNA isolation techniques, mRNA isolation techniques, cDNA synthesis techniques, and hybridization techniques." The examiner further noted that "[n]o evidence of the recalcitrance of the Brazil nut protein to conventional protein purification or sequencing procedures was presented," nor evidence "regarding the recalcitrance of the gene encoding the Brazil nut protein to conventional probing or cloning techniques." Therefore, the examiner concluded that the disclosure of the actual amino acid sequence of the protein was not necessary, because the claimed DNA could be made from the information in the publications, using these well known techniques. The Board held that the declaration failed to establish that a person having ordinary skill in the art would have had any difficulty purifying the protein or, having done so, any difficulty constructing the probe and ultimately making the claimed DNA.
 
 
 15
 Appellants argue that because he cited no references to establish the level of skill in the art, the examiner's rejection exceeded case authority to rely on noticed facts, denied them due process and was per se improper. Alternatively, appellants assert that the Altenbach affidavit was sufficient to rebut enablement.
 
 A. Lack of Citation of Prior Art
 
 16
 1. Exceeding Case Authority Concerning Official Notice
 
 
 17
 Relying on In re Ahlert, 424 F.2d 1088, 1092, 165 USPQ 418, 421 (CCPA 1970), appellants argue that officially noticed facts may only play a minor role in filling evidentiary gaps and cannot provide the totality of evidence to support a rejection. See also In re Kaplan, 789 F.2d 1574, 1580, 229 USPQ 678, 683 (Fed.Cir.1986) ("Even if obviousness of the variation is predicated on the level of skill in the art, prior art evidence is needed to show what that level of skill was."). Appellants thus argue the examiner exceeded the case authority allowing reliance on officially noticed facts.
 
 
 18
 In making a rejection, however, an examiner may "take notice of facts beyond the record which, while not generally notorious, are capable of such instant and unquestionable demonstration as to defy dispute." In re Ahlert, 424 F.2d at 1091, 165 USPQ at 420 (citing In re Knapp Monarch Co., 296 F.2d 230 (CCPA 1961)). Furthermore, although the cases provide that the examiner should cite prior art references to support assertions of technical fact in esoteric technologies or specific knowledge of the prior art, this is solely to put the applicant on notice so that the correctness of the assertion can be challenged. Id., 165 USPQ at 420-21.
 
 
 19
 In this case, the noticed facts did not provide the totality of the evidence used in support of an argument, as in Ahlert. Rather, here, the examiner relied heavily on the information disclosed in the publications in concluding that they enabled one skilled in the art to practice the invention using well known techniques. That the cited well known techniques exist in the art is beyond dispute and appellants do not dispute it. In fact, appellants' own specification acknowledges that "conventional" methods are used in obtaining the claimed DNA.[2]
 
 2. Denying Due Process
 
 20
 Appellants argue, nevertheless, that without citation of prior art, they lack the notice necessary to contest the correctness of the examiner's assertions as to the level of skill in the art. Thus, appellants effectively argue they were denied due process.[3]
 
 
 21
 Where, however, an applicant is sufficiently put on notice of the basis of the rejection, and does not challenge the truth of the examiner's assertion, there is no necessity for such citations. See In re Lundberg, 244 F.2d 543, 551, 113 USPQ 530, 537 (CCPA 1957) (examiner's statement accepted as true in light of appellant's failure to question its accuracy or to present contradicting evidence); In re Fox, 471 F.2d 1405, 1406-07, 176 USPQ 340, 341 (CCPA 1973) (affirming rejection under 35 U.S.C. Sec. 103 without citation of any prior art based on facts that were unchallenged by the appellant). Certainly, appellants cite no authority that in such circumstances citations are constitutionally required.
 
 
 22
 Moreover, the cases relied on by appellants otherwise requiring citation to demonstrate the level of ordinary skill in the art are distinguishable as concerning obviousness, which, unlike anticipation, requires a showing of motivation, and because in those cases, unlike in this appeal, the accuracy of the examiner's assertions was challenged.
 
 
 23
 In our view, appellants were adequately apprised of the basis of the examiner's rejection; furthermore, they concede that the techniques cited by the examiner are well known in the art. Therefore, even if notice were inadequate, no substantial right was thereby prejudiced.
 
 3. Per Se Error
 
 24
 Finally, appellants seemingly argue that the examiner's lack of citation to support the asserted level of skill in the art makes the rejection improper per se. This is so, appellants suggest, because without such citation, there is no record by which they can argue that the examiner erred. As the PTO points out in its brief, however, the procedures established by 37 C.F.R. Sec. 1.107(b) (1993) expressly entitle an applicant, on mere request, to an examiner affidavit that provides such citations. In this case, appellants admittedly failed to request such an affidavit. Appellants' failure to avail themselves of this procedure entitling them to such citations, without making any showing whatsoever, waived any right thereto under well established rules of law. Accordingly, appellants' challenge on this ground fails due to their procedural default.
 
 
 25
 Moreover, the existence of this regulation makes all the clearer that by failing to cite prior references for the level of skill in the art, the examiner did not automatically exceed his authority under the case law. Indeed, the premise of the rule is that the examiner may omit such citations. Otherwise, there would be no need for the regulation because every rejection would already contain all citations.
 
 
 26
 Similarly, this procedure, so readily available, helps save the lack of citation in an office action from possible constitutional infirmity as denying reasonable notice and hence due process. This must be so because it provides a complete and timely cure, unless we could conclude that the rule itself violates the constitution, a conclusion neither suggested by appellants nor any case law of which we are otherwise aware.
 
 
 27
 Appellants' fallback position is that assuming the examiner did make out a prima facie case of enablement and hence anticipation, they rebutted it and the examiner wrongly found the declaration insufficient.
 
 B. The Altenbach Declaration as Rebuttal
 
 28
 Although appellants maintain that the Altenbach declaration is sufficient to rebut the examiner's assertion of enablement, all it states is that certain information is missing from the abstracts, without which they are not enabling. The PTO, however, has conceded that the information is missing and that without independent knowledge of those skilled in the art, the claimed composition could not be made. That certain information is missing does not by itself establish that one skilled in the art would not be enabled to practice an invention. After all, they have independent knowledge. Moreover, much information was included in the abstracts.
 
 
 29
 It is undisputed that the publications disclosed the location and characteristics of the relevant 7 kD sulfur-rich protein. The examiner then took official notice that standard techniques were available for separating proteins, determining sedimentation rates and molecular weight, and determining amino acid sequences. These would enable isolation of the subunit of the protein and determination of its structure. The publications also disclosed that an 18 base synthetic DNA fragment corresponding to positions 30-35 of the 7 kD protein was used as a probe. The examiner asserted that with this description of the probe, one of ordinary skill in the art could use conventional techniques to make the probe, and therefore, to practice the claimed invention.
 
 
 30
 Therefore, the Altenbach declaration is legally insufficient to rebut the examiner's conclusion. Although Altenbach makes the unsupported assertion that without the missing information the invention could not be practiced without undue experimentation, she does not explain why conventional methods listed by the examiner would not work, given the information disclosed in the abstracts. This could have been done, for example, by showing that results would be uncertain using the known methods, that only certain of the known methods would work, or that additional or unique steps were required to achieve the claimed composition. No such assertions were included in the declaration, however.
 
 
 31
 Therefore, our decision turns on appellants' failure of proof in rebutting the examiner's prima facie case of enablement. That appellant might have produced a declaration by Altenbach or someone else demonstrating such problems makes no difference. Determining the ultimate scientific truth about enablement is beyond our function here. Our task is merely to judge whether the declaration actually filed was legally sufficient. Here, it was not, because it was wholly conclusory, and particularly because it did not address the asserted applicability and feasibility of the well known techniques cited by the examiner in light of the specific information disclosed in the abstracts. Thus, on the precise facts of this case, we hold that these deficiencies were fatal as a matter of law.
 
 VI. Conclusion
 
 32
 We therefore conclude that on this record, the Sun and Altenbach publications were shown to be enabling. Consequently, in light of appellants' concession that all elements of the claims are disclosed or inherent in the two abstracts and their failure to argue separate patentability of the claims, we hold that the Board's finding of anticipation is not clearly erroneous and supports the rejection as to all claims.[4]
 
 
 33
 MAYER, Circuit Judge, concurring.
 
 
 34
 I agree that the affidavit filed by Sun was insufficient to rebut the PTO's prima facie case of anticipation. Because Sun admitted that the claimed subject-matter was inherently disclosed in the cited abstracts, the prima facie case was established. Sun then had to come forward with evidence sufficient to rebut this prima facie case, even though the ultimate burden to establish anticipation remained with the PTO. Because he did not he cannot prevail, and that is sufficient reason to affirm.
 
 
 35
 Sun responded to the examiner's assertion of anticipation that the abstracts were nonenabling and thus could not be cited as prior art. In support, he submitted Altenbach's affidavit, which was a conclusory statement that, without more information than was supplied in the abstracts, one of ordinary skill could not produce the claimed composition without undue experimentation. The examiner took official notice of well known techniques and said that with them, one of ordinary skill could produce the composition. Although citing no art to support his assertion, the examiner observed that there was nothing in Sun's evidence to suggest the techniques would not work, the results would be uncertain, or any unconventional steps would be necessary to achieve the claimed composition. Sun did not challenge the existence of the techniques, but did argue that their application would not be possible given the limited information disclosed in the abstracts. Altenbach's affidavit, however, does not support this argument because it does not address the cited techniques, or refer to any unique properties of the claimed composition that would render it recalcitrant to these methods. The PTO established its prima facie case with the admitted inherent disclosures of the abstracts. Although lacking prior art support, the examiner's arguments on the enablement of the abstracts do bolster the PTO's position and contribute to proof of anticipation by a preponderance of the evidence. Given its conclusory nature and failure to specifically meet the examiner's arguments, Altenbach's affidavit alone cannot overcome the PTO's prima facie case.
 
 
 36
 In the absence of the prima facie case resulting from Sun's admissions of inherency, however, the examiner's assumption that one of ordinary skill could have successfully applied the noticed techniques to the information in the abstracts would not have been sufficient to establish a prima facie case because it lacked prior art support. To establish a prima facie case, the PTO may not rely on unsupported assertions about the level of ordinary skill in the art or bare conclusions that one of ordinary skill could apply such skill to obtain the claimed invention. In re Rijckaert, --- F.3d ----, No. 93-1206, slip op. at 5 (Fed.Cir. November 23, 1993).
 
 
 
 *
 Honorable William W. Schwarzer, Senior District Judge, United States District Court for the Northern District of California, sitting by designation
 
 
 [1]
 The examiner also rejected claims 4-19 on other grounds. These rejections, however, were reversed by the Board and are not at issue in this appeal
 
 
 [2]
 Appellants' specification states that "[i]n addition to the techniques described below, the practice of the present invention will employ conventional techniques of molecular biology, microbiology, recombinant DNA technology, and plant science, all of which is within the skill of the art." (emphasis added)
 
 
 [3]
 While appellants neither mention "due process" nor cite the constitution, they complain of lack of notice which deprives them of a fair opportunity to challenge the rejection. Moreover, they rely on no statutory or regulatory right to such notice. We therefore construe this to be a complaint of deprivation of constitutional due process
 
 
 [4]
 We need not reach the issue of obviousness in light of our holding on the anticipation rejections, since all claims stand or fall together